# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:08CR00027-002 |
| v. ) | **OPINION** |
| ) | |
| **KIMBERLY RENEE RASNICK,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Kimberly Renee Rasnick, Pro Se Defendant.*

The defendant, Kimberly Renee Rasnick, proceeding pro se, has filed a motion seeking relief under 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 motion.

I.

Rasnick pleaded guilty on September 17, 2008, without a plea bargain. After pleading guilty, the defendant was sentenced by this court on December 11, 2008, to a total term of 151 months imprisonment, consisting of 60 months on Counts Five and Eight of the Indictment, to be served consecutively, followed by a term of 31 months on Counts One and Nine, to be served concurrently with each other but consecutive to the sentences for Counts Five and Eight. Count One of the Indictment charged Rasnick with conspiracy to distribute Methylin, Ritalin,

morphine, and hydrocodone, in violation of 21 U.S.C. §§ 841(a)(1), 846. Counts Five, Eight, and Nine of the Indictment charged Rasnick with distribution and possession with intent to distribute hydrocodone, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(1)(D).

Rasnick did not appeal her conviction, file a petition for a writ of certiorari, or file a § 2255 motion within one year of the date of the judgment. On June 10, 2016, Rasnick filed a § 2255 motion asserting she was entitled to a new sentencing in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 249. Following the decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), Rasnick's first petition was dismissed without prejudice on March 24, 2017. ECF No. 269. On June 29, 2018, Rasnick filed her current § 2255 motion. The United States has filed a Motion to Dismiss.

In Rasnick's § 2255 motion, she contends (1) that her sentence violated the Fifth Amendment by depriving her of ten years of her life and liberty; and (2) that her sentence violated the Eighth Amendment because she was over-sentenced for her charges.

II.

To state a viable claim for relief under § 2255, Rasnick must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or


(3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687.

Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court may not construct a party's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Conclusory allegations of ineffective assistance of counsel, without factual support, are insufficient to raise a constitutional issue or require an evidentiary hearing.

III.

Rasnick's petition will be dismissed for two reasons. First, her petition is untimely. There is a one-year statute of limitations for filing a motion to vacate under § 2255 which runs from the date on which her judgment of conviction became final. 28 U.S.C. § 2255(f)(1). The judgment in a criminal case becomes final when the time for filing an appeal passes. *Clay v. United States*, 537 U.S. 522, 532 (2003). A defendant can extend the statute of limitations (1) if the government prevents a defendant from filing a motion; (2) if the Supreme Court articulates a "newly recognized" right, which is made retroactively applicable to cases on collateral review; or (3) if new facts emerge that support a claim which is asserted within one year of the date the facts "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(2)-(4).

Because Rasnick was sentenced on December 11, 2008, the one-year period started from December 22, 2008, the Monday following the tenth day after the district court entered its judgment. Rasnick filed her present motion on June 29, 2018, more than nine years after her judgment became final. In her motion, she did not identify any factors which would allow her to extend the statute of limitations under § 2255(f)(2)-(4). After filing her motion, she was ordered by the court to explain why her motion should be deemed timely. Order, ECF No. 288. In her subsequent pleading, Rasnick did not identify any factors that would extend

the statute of limitations, nor did she withdraw her motion. Resp., ECF No. 289. Having failed to identify any reasons why the statute of limitations should not apply in this case, Rasnick's motion is untimely.

Second, Rasnick did not identify any claims that would entitle her to relief under § 2255. Rasnick claims that her Fifth and Eighth Amendment rights were violated. Neither of her claims state a constitutional violation to which § 2255 offers a remedy. She bases her Fifth Amendment violation around the idea that she was "deprived of 10 years of [her] life and liberty." Mot. to Vacate 5, ECF No. 287. This is not an error for which relief can be granted by § 2255. Rasnick also claims her Eighth Amendment rights were violated because, "151 months is cruel and unusual punishment for [her] charges." *Id.* at 6. However, when Rasnick was originally sentenced, she did not appeal her sentence on the grounds that it was unconstitutionally long, or that it exceeded the sentencing guidelines. As with her claimed Fifth Amendment violation, the claimed Eight Amendment violation is not a claim upon which relief can be granted.

Rasnick does not make a specific allegation of ineffective assistance of counsel, merely saying that she wishes her "attorney had done a better job." *Id.* at 5. She does not offer any specific evidence to satisfy either the performance or prejudice prong of *Strickland*. Even with the less stringent standard afforded pro

se litigants, *Gordon*, 574 F.2d at 1151, Rasnick has not offered sufficient evidence to show that she was prejudiced by the deficient performance of her counsel.

IV.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed. A separate final order will be entered herewith.

DATED: June 14, 2019

/s/ James P. Jones
United States District Judge